United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OSCAR SAUCEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:25-CV-00228 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oscar Sauceda owns a home in Hidalgo County, Texas, that sustained storm damage in April 2023.  (Dkt. No. 13 at 3).  Defendant Allstate Texas Lloyd's, Inc. ("Allstate"), insured the home.  (*See id.*).  The Parties dispute the amount of loss covered by the insurance policy.

Pending before the Court is Allstate's Motion to Compel Appraisal and Abatement, (Dkt. No. 12), Sauceda's Motion for Oral Argument on the Motion to Compel, (Dkt. No. 15), and Sauceda's Motion for Leave to Conduct Limited Depositions after Fact-Discovery Deadline, (Dkt. No. 16).  For the following reasons, the Court **STRIKES** Allstate's Motion **without prejudice,** (Dkt. No. 12), **DENIES** Sauceda's Motion for Oral Argument **as moot**, (Dkt. No. 15), and **DENIES** Sauceda's Motion for Leave, (Dkt. No. 16).

## I.    BACKGROUND

Sauceda made a wind and hail claim on Allstate after an April 2023 storm.  (Dkt. No. 13 at 3).  In February 2024, Allstate inspected the property and informed Sauceda that

its estimate was below the deductible.  (*Id.*).  Dissatisfied, Sauceda hired a different contractor to prepare another estimate, which was submitted to Allstate.  (Dkt. No. 1-3 at 5).

On February 26, 2025, Sauceda sued Allstate in state court in Hidalgo County for breach of contract, Texas Insurance Code violations, breach of the duty of good faith and fair dealing, Texas Deceptive Trade Practice Act violations, fraud, conspiracy to commit fraud, and responsibility/ratification for acts of agents.  (Dkt. No. 1-3 at 14–21).  On May 8, 2025, Allstate answered, (Dkt. No. 1-3 at 35–39), and removed the case to this Court based on diversity jurisdiction, (Dkt. No. 1).

On January 13, 2026, the Parties unsuccessfully mediated the dispute.  (Dkt. No. 13 at 4).  Allstate invoked appraisal[1] that same day, (*id.*), and moved to compel appraisal, (Dkt. No. 12).  Sauceda responded, indicating that it was opposed to appraisal and noting that Allstate did not confer with its counsel prior to filing the Motion.  (Dkt. No. 13 at 4).

On January 27, 2026, Sauceda requested Allstate's availability for five depositions. (Dkt. No. 16 at 5).  The next day, Allstate responded that it would be virtually impossible to schedule, let alone complete, any deposition before the fact-discovery deadline of February 2, 2026, which had been in place since the Scheduling Order was entered in August 2025.  (Dkt. No. 17); (*see also* Dkt. No. 6).  Accordingly, it did not agree to an extension of the deadline.  (Dkt. No. 17).  Sauceda submitted a letter with the Court requesting permission to file a motion for leave to complete the depositions after the fact-

---

[1]    The insurance policy contains an appraisal clause allowing either party to demand appraisal of disputed loss amounts.  (Dkt. No. 12 at 74–75).

discovery deadline.  (*See* Dkt. No. 16 at 3).  On January 29, 2026, Sauceda filed his Motion for Leave.  (Dkt. No. 16 at 4).  Allstate responded.  (Dkt. No. 17).

## II.    LEGAL STANDARD

### A.    MOTION TO COMPEL APPRAISAL

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."  *Nat'l Liab. & Fire Ins. v. R&R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014) (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996)).  Accordingly, this Court applies "the substantive insurance law of Texas."  *Int'l Ins. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005).

"An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed . . . ."  *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 270 (Tex. 2021) (orig. proceeding) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018)).  Policies are generally construed in the same manner as any other contract.  *Menchaca*, 545 S.W.3d at 488. Appraisal clauses are included in most insurance policies as a way of resolving disputes over the amount of covered losses.  *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009).  "These clauses are generally enforceable, absent illegality or waiver."  *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding).

### B.    MOTION FOR LEAVE TO CONDUCT DISCOVERY

Rule 16(b) of the Federal Rules of Civil Procedure "authorizes the district court to control and expedite pretrial discovery through a scheduling order."  *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).  Consistent with this authority, the Court

has "broad discretion" to enforce its scheduling order. *See id.* ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979))).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (brackets omitted) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). The four factors are considered holistically. *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-01552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009).

## III.   DISCUSSION

The Court first addresses Allstate's Motion to Compel Appraisal and Abatement, (Dkt. No. 12), as well as Sauceda's Motion for Oral Argument on the Motion to Compel Appraisal and Abatement, (Dkt. No. 15), before turning to Sauceda's Motion for Leave to Conduct Limited Depositions after Fact-Discovery Deadline, (Dkt. No. 16).

4

### A.   MOTION TO COMPEL APPRAISAL

The Court does not reach the merits of Allstate's Motion because it failed to comply with either the District's or the undersigned's conferral procedures.[2] The Court therefore strikes Allstate's Motion to Compel Appraisal and Abatement. (Dkt. No. 12).

The undersigned's conferral procedures direct parties to follow Local Rule 7, *see* Court Procedures, Hon. Drew B. Tipton, https://www.txs.uscourts.gov/sites/txs/files/Tipton%20Procedures.pdf, which requires opposed motions to "contain an averment that (1) The movant has conferred with the respondent and (2) Counsel cannot agree about the disposition of the motion." *See* LR7.1. The undersigned's conferral procedures also instruct parties to "[m]ake serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief except dispositive motions. The Court will strike motions in civil cases . . . that do not include a certificate of conference." Court Procedures, Hon. Drew B. Tipton, https://www.txs.uscourts.gov/sites/txs/files/Tipton%20Procedures.pdf.

Allstate's Motion contains no certificate of conference. (*See generally* Dkt. No. 12); (Dkt. No. 13 at 8). The record does not show that Allstate conferred with Sauceda or

---

[2]   The Court also does not reach the merits of Sauceda's Response to the Motion to Compel. (Dkt. No. 13). However, for the sake of clarity with future motion practice, the Court briefly addresses Sauceda's argument that the Scheduling Order, (Dkt. No. 6), requires that a party must obtain permission before submitting a motion to compel appraisal, (Dkt. No. 13 at 4–9). The Scheduling Order states "[a]ny party wishing to make a discovery or scheduling motion must obtain permission before the submission of motion papers. This includes any motion to compel, to quash, for protection, or for extension." (Dkt. No. 6 at 2). Admittedly, Allstate's Motion to Compel Appraisal and Abatement is a motion to compel in a sense. But it is not a discovery or scheduling motion, so the requirement to submit a letter describing the dispute is not applicable. Allstate need only comply with the District's and the undersigned's conferral procedures before moving once again to compel appraisal.

made a "serious, timely, good faith effort[]" to resolve the dispute before filing the Motion. Therefore, the Court **STRIKES without prejudice** Allstate's Motion to Compel Appraisal and Abatement. (Dkt. No. 12). Additionally, the Court also **DENIES** Sauceda's Motion for Oral Argument on the Motion to Compel Appraisal and Abatement as moot. (Dkt. No. 15).

### B.  MOTION FOR LEAVE TO CONDUCT DISCOVERY

Sauceda has not shown good cause for failing to timely take the depositions. To determine whether good cause exists to modify a scheduling order, the Court considers (1) Sauceda's explanation for the failure to timely comply with the scheduling order, (2) the importance of the modification, (3) Allstate's potential prejudice, and (4) the availability of a continuance to cure such prejudice.[3] *Squyres*, 782 F.3d at 237. None of the factors weigh in Sauceda's favor.

Sauceda failed to adequately explain his delay. Sauceda notes that he "focused initial discovery efforts on written discovery, expert disclosures, and Court-ordered mediation." (Dkt. No. 16 at 3). But once "mediation concluded without resolution—and while discovery remained open—Plaintiff promptly sought deposition dates to complete the fact record." (*Id.*). Sauceda also points out that the Parties' Joint Discovery/Case Management Plan contemplates the sought depositions. (*Id.* at 5).

The Scheduling Order that established the fact-discovery deadline of February 2, 2026, was entered in August 2025. (Dkt. No. 6). Despite having over five months to

---

[3]   Neither Sauceda nor Allstate specifically referenced the four factors, but the Court will construe the Parties' arguments within the framework of the factors to the best of its ability.

coordinate the depositions, Sauceda waited until the eleventh hour—i.e., four business days before the deadline—to even request Allstate's availability. While Sauceda's request may have been prompt relative to the unfruitful mediation, it was not prompt relative to the Scheduling Order.

Further, the fact that the Parties' Joint Discovery/Case Management Plan, (Dkt. No. 5), contemplates the depositions undermines Sauceda's position. The Plan was filed in August 2025. (*Id.*). So, Sauceda didn't realize the need for these depositions on the eve of the deadline. *See Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, No. 3:20-CV-01883, 2021 WL 4822017, at *9 (N.D. Tex. Oct. 15, 2021) (finding delay explanation sufficient because movant first learned of need for additional discovery after deadline). Rather, Sauceda knew in August 2025 that he would need to depose Allstate's corporate representative, their adjusters who inspected or handled the claim, and third-party vendors like ServPro. (*See id.* at 3); *see Squyres*, 782 F.3d at 238 (rejecting delay explanation for leave to amend complaint where movant knew for eleven months before the deadline that he would need to amend it). Sauceda's focus on written discovery, while knowing for months that the depositions needed to be completed, connotes that he intentionally deferred the depositions. The Court finds that Sauceda's explanation for the delay weighs against permitting the depositions.

Sauceda maintains that modification is important because the depositions are "necessary to fairly adjudicate issues now squarely before the Court, including Defendant's appraisal motion and the effect of insurer-directed mitigation on the property" and "to complete the factual record on claim handling [and] inspection." (Dkt.

7

No. 16 at 1, 2).  The Court disagrees that the depositions are necessary to decide Allstate's

Motion to Compel Appraisal.  (Dkt. No. 12).  Sauceda already responded to the Motion

and never said additional discovery was needed to adequately respond.  (Dkt. No. 13).

Sauceda also does not explain how the sought-after testimony is important to understand

the effect of the insurer-directed mitigation or to develop the factual record before trial.

The deadline for pretrial motions lapsed in February 2026, (*see* Dkt. No. 6), and none were

filed.  At this point, it is not clear why Sauceda cannot simply call the witnesses at trial

and elicit the desired testimony.  *See In re Pool Prod. Distrib. Mkt. Antitrust Litig.*, No. 2:12-

MD-02328, 2014 WL 1154334, at *4 (E.D. La. Mar. 21, 2014) ("At trial, DPPs can, if they

wish, explore any inconsistencies between the memo and the witnesses' description of

Zodiac's distributor application process.").  Because Sauceda has not demonstrated that

the requested modification is important, the factor weighs against permitting the

depositions.

Extending the discovery deadline would prejudice Allstate.  As Allstate explains,

an extension would only serve to cause delay and increase the Parties' costs.  (Dkt. No.

17 at 3).  And while a continuance might technically be available to cure any prejudice, a

continuance is unwarranted given Sauceda's failure to establish good cause under the

other factors.  "In this Court, as in other courts in the Fifth Circuit, the 'remedy of

continuance to cure prejudice is seldomly exercised . . . in the absence of a strong showing

of diligence and importance.'"  *Sanchez v. Cajun Operating Co.*, No. 7:24-CV-00287, 2025

WL 777076, at *2 (S.D. Tex. Mar. 10, 2025) (quoting *Staton Techiya, LLC v. Samsung Elecs.*

*Co.*, No. 2:21-CV-00413, 2023 WL 2169025, at *2 (E.D. Tex. Feb. 21, 2023)). These factors weigh against permitting the depositions.

In sum, Sauceda has not met his burden of showing that the fact-discovery deadline could not have been met despite his diligence. *Squyres*, 782 F.3d at 237 (citing *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).

## IV.    CONCLUSION

Considering the foregoing analysis, the Court **STRIKES** Allstate's Motion to Compel Appraisal and Abatement **without prejudice,** (Dkt. No. 12), **DENIES as moot** Sauceda's Motion for Oral Argument, (Dkt. No. 15), and **DENIES** Sauceda's Motion for Leave to Conduct Limited Depositions after Fact-Discovery Deadline, (Dkt. No. 16).

It is SO ORDERED.

Signed on May 29, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

9